UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| Ernst Fernezan,<br>Plaintiff | ) | **05 11057 NMG** |
|  | ) | NOTICE OF REMOVAL OF |
| v. | ) | CIVIL ACTION PURSUANT |
|  | ) | TO 28 U.S.C. §1332(a) |
| Plymouth Rubber Company, Inc.<br>            Defendant | ) | |
|  | ) | CIVIL ACTION NO#: _6444_ |

RECEIPT #: _6444_
AMOUNT $ _250.00_
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _—_
WAIVER FORM _—_
MCF ISSUED _—_
BY DPTY CLK _____
DATE _5/20/05_

**NOTICE OF REMOVAL**

Defendant Plymouth Rubber Company, Inc. respectfully states

the following in support of this Notice of Removal based on this

Court's diversity jurisdiction:

MAGISTRATE JUDGE _LTS_

1.    On or about April 13, 2005, Plaintiff Ernst Fernezan

initiated an action against the Defendant Plymouth Rubber

Company, Inc. in the Superior Court of the State of

Massachusetts, Norfolk County ("the State Court Action").

2.    On May 4, 2005, Fernezan served Plymouth Rubber

Company with a copy of the Summons and Complaint.  A true and

correct copy of the Summons and Complaint, served upon Plymouth

Rubber Company are attached hereto as Exhibit A.

3.    This action is a civil action of which this Court has

original jurisdiction under 28 U.S.C. § 1332(a) and 1441(e) and

Plaintiff alleges the amount in controversy as $120,000.

4.    Plaintiff is a resident of the State of Rhode Island. (Complaint Para. 1).

5.    Defendant is a Massachusetts Corporation with a place of business in Canton, Massachusetts.  (Complaint Para. 2).

6.    Pursuant to 28 U.S.C. § 1446(a), all process, pleadings and orders that have been served upon Defendant to date in this matter are included with this Notice of Removal as Exhibit A.

7.    Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be submitted for filing with the Clerk of the State Superior Court, Norfolk County.

8.    This Notice of Removal is being filed within 30 days, as defined by 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), after Defendants first received a copy of the Summons and Complaint as well as notice of the claims made herein.

9.    Written notice of the filing of this Notice of Removal has been given to all parties who have appeared in this action.

10.   The required filing fee of $250.00 and an executed Civil Cover Sheet accompany this Notice.

11.   Pursuant to Local Rule 81.1., Defendant Plymouth Rubber shall request from the Clerk of the Norfolk Superior Court certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the state court, and shall file the

same with this Court within thirty (30) days after the filing of this Notice of Removal.

*WHEREFORE*, the Defendant Plymouth Rubber prays that the action now pending in the Norfolk County Superior Court be removed therefrom to this Court.

Respectfully submitted,
Plymouth Rubber Company, Inc.
By its attorneys,

Debra Dyleski-Najjar, BBO No.: 366730
The Wagner Law Group, PC
One Financial Center
Boston, MA 02111

Dated:  May 20, 2005

## CERTIFICATE OF SERVICE

I, Debra Dyleski-Najjar, hereby certify that on this 20th day of May 2005, I caused a true and accurate copy of the foregoing Notice of Removal and of the accompanying Notice to Plaintiff to be served by first class U.S. Mail, postage prepaid, upon the following:

David Green, Esq.
Alford & Bertrand, LLC
60 Arsenal Street
P.O. Box 322
Watertown, MA 02471-0322

Debra Dyleski-Najjar, Esq.

(TO PLAINTIFF'S ATTORN  :  PLEASE CIRCLE TYPE OF A    ION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

COPY

NORFOLK, ss.

**LS**

SUPERIOR COURT
CIVIL ACTION

NO.
05  00732

ERNST FERNEZAN
............................................................, *Plaintiff(s)*

**v.**

PLYMOUTH RUBBER COMPANY
............................................................, *Defendant(s)*

### SUMMONS

To the above-named Defendant:   Plymouth Rubber Company

You are hereby summoned and required to serve upon ........David Green, Esquire........,
plaintiff's attorney, whose address is P.O. Box 322, Watertown, MA 02471-0322............, an answer to the com-
plaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint.  You are also required to file your answer to the com-
plaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney
or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim
any claim which you may have against the plaintiff which arises out of the transaction or occur-
rence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making
such claim in any other action.

BARBARA J. ROUSE, Esquire

WITNESS, ~~SUZANNE V. DELVECCHIO, *Esquire*~~, at ...........Dedham........the ......28th......

day of ..........April.........., in the year of our Lord two thousand and ...Five............

*A TRUE COPY, ATTEST:*

DEPUTY SHERIFF
DATE 5/4/05

............................................ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ............................................., 20    , I served a copy of
the within summons, together with a copy of the complaint in this action, upon the within-named
defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5):

...............................................................................................................................................................

...............................................................................................................................................................

...............................................................................................................................................................

Dated:                      , 20          ..................................................................................................

**N. B.   TO PROCESS SERVER:-**
**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN**
**THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON**
**DEFENDANT.**

| |
|---|
| , 20 . |

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
CIVIL ACTION

NORFOLK, ss.

NO.

..................................., Plaintiff

v.

..................................., Defendant

SUMMONS
(Mass. R. Civ. P.4)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.

SUPERIOR COURT
DOCKET NO: REQUESTED

**************************************

**ERNST FERNEZAN**
    **PLAINTIFF**

VS.

**PLYMOUTH RUBBER COMPANY**
    **DEFENDANT**
**************************************

### Introduction

    The Plaintiff, Ernst Fernezan, brings this action against the Defendant, Plymouth Rubber Company, pursuant to Mass.Gen.L. Ch. 152, §75B(2) which prohibits an employer from discharging, refusing to hire, or in any other manner discriminating against an employee because the employee has exercised his rights under the Massachusetts Worker's Compensation Act.

### Parties

1.     The Plaintiff is an adult resident of the state of Rhode Island, residing at 35 Thackray Street, Providence, Rhode Island.

2.     The Defendant, Plymouth Rubber Company is a duly organized corporation with substantial business contacts in the Commonwealth of Massachusetts, doing substantial business in the Commonwealth of Massachusetts and with a principal place of business at 104 Revere Street, Canton, Massachusetts.

### Facts

3.     On or about July 22, 2002 Plaintiff was involved in a work-related accident that occurred on Defendant's premises.

4.     Plaintiff has not returned to work since the date of the accident.

5.     As a result of the industrial accident, Plaintiff filed a workers' compensation claim.

6.     Defendant was aware of the workers' compensation claim and participated in the process at the Department of Industrial Accidents.

7.     On or about March 28, 2005, Defendant purportedly sent Plaintiff a letter, stating that he was terminated on March 28, 2005.

8.   Plaintiff's case was scheduled for a lump sum settlement on March 29, 2005, which
     Defendant was aware of and participated in.

9.   The lump sum was approved on March 29, 2005 at the Department of Industrial
     Accidents.

### COUNT 1 - DEFENDANT LIBERTY PROPERTIES - VIOLATION OF MASS.GEN.L. CH. 152, §75b(2)

(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 9 above and incorporates the same herein by reference.)

10.  The Defendant discharged the Plaintiff in violation of Mass.Gen.L. Ch. 152, §75B(2)  for
     exercising his rights under and pursuant to the Massachusetts Worker's Compensation
     Act.

11.  The Defendant discriminated against the Plaintiff in violation of Mass.Gen.L. Ch. 152,
     §75 (2)  for exercising his rights under and pursuant to the Massachusetts Worker's
     Compensation Act.

12.  As a direct and proximate result of the illegal actions of the Defendant as herein above set
     forth, the Plaintiff has been caused to suffer financial loss, lost wages and benefits,
     mental anguish and pain and suffering.

     WHEREFORE, the Plaintiff demands that judgment be entered for his damages with lost
     wages and benefits and pain and suffering against the Defendant, together with interest,
     costs, and attorney's fees with actual and compensatory damages. The Plaintiff also
     demands the Court enter an Order compelling the Defendant to grant the Plaintiff suitable
     employment, and such other relief as the Court deems just.

Plaintiff demands a jury trial on all counts.

By Plaintiff's Attorney,

DAVID GREEN, ESQUIRE
ALFORD & BERTRAND, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA  02471-0322
(617) 926-8800

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department |
|---|---|---|
| | | C  ity: Norfolk |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Ernst Fernezan | PLymouth Rubber Company |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE David Green Alford & Bertrand, 60 Arsenal Street Watertown, MA 02471 (617) 926-8800 Board of Bar Overseers number: 642406 | ATTORNEY (if known) |

## Origin code and track designation

Place an x in one box only:

[X] 1. F01 Original Complaint

[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)

[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial)  (X)

[ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)

[ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| F11 | Workers Comp | ( X ) | ( X ) Yes    (  ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:

1. Total hospital expenses .................................................$............
2. Total Doctor expenses ...................................................$............
3. Total chiropractic expenses ..............................................$............
4. Total physical therapy expenses ..........................................$............
5. Total other expenses (describe) ..........................................$............

Subtotal $............

Documented lost wages and compensation to date ...................................$47,960.50....

Documented property damages to date ...........................................$............

Reasonably anticipated future medical and hospital expenses ..........................$............

Reasonably anticipated lost wages ...............................................$43,907.76....

Other documented items of damages (describe)  pain and suffering, emotional damages  $ 28,131.74

Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was terminated by Defendnat while he was receiving workers' compensation benefits

$............

TOTAL $120,000.00...

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 4-13-05

TC-6 mtc005-11/99
S.C. 1-2000

**Commonwealth of Massachusetts**
**County of Norfolk**
**The Superior Court**

CIVIL DOCKET# NOCV2005-00732-A

RE:  **Fernezan v Plymouth Rubber Company**

TO:David M Green, Esquire
Alford & Bertrand
60 Arsenal Street
PO Box 322
Watertown, MA 02471-0322

## TRACKING ORDER - X TRACK

You are hereby notified that this case is on the **accelerated (X) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/24/2005 |
| Response to the complaint filed (also see MRCP 12) | 09/22/2005 |
| Firm trial date set | 10/22/2005 |
| Case disposed | 11/21/2005 |

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session A sitting in CtRm 10 at Norfolk Superior Court.

**Dated: 04/25/2005**

**Walter F. Timilty**
**Clerk of the Courts**
**BY:**
**Assistant Clerk**

**Location: CtRm 10**
**Telephone: (781) 326-1600**

Check website as to status of case: http://ma-trialcourts.org/tcic
cvdtrack_2.wpd 571186 notsent fostervi

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 MAY 20  A 10: 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

Ernst Fernezan,
          Plaintiff

vs.

Plymouth Rubber Company, Inc.
          Defendant

)
)
)
)
)
)
)
)
)

Civil Action No. _____

# 05 11057 NMG

## ANSWER OF DEFENDANT PLYMOUTH RUBBER COMPANY, INC.

Now Comes Defendant, Plymouth Rubber Company, Inc.
(hereinafter "Plymouth") and answers the Complaint of
Plaintiff, Ernst Fernezan.  Except as expressly admitted
herein, Plymouth denies each and every allegation in the
Complaint.

### PARTIES

1.    In reference to Paragraph 1 of the Complaint,
Plymouth states that it is without knowledge or information
sufficient to form a belief as to the truth of the
allegation that Plaintiff resides at 35 Thackray Street,
Providence, Rhode Island.  Plymouth admits that Plaintiff
is an adult resident of Rhode Island.

2.    In reference to Paragraph 2 of the Complaint,
Plymouth admits it is a duly organized corporation, doing
business in the Commonwealth of Massachusetts with a place

of business at 104 Revere Street, Canton, Massachusetts.  By
way of further response, Plymouth states that it is a
Massachusetts Corporation.

FACTS

3.    Plymouth admits the allegations in Paragraph 3 of
the Complaint.

4.    Plymouth denies each and every allegation in
Paragraph 4 of the Complaint.

5.    In reference to Paragraph 5 of the Complaint,
Plymouth admits that Plaintiff filed a Workers'
Compensation claim.  Plymouth denies each and every
remaining allegation in Paragraph 5.

6.    In reference to Paragraph 6 of the Complaint,
Plymouth admits that it was aware that Plaintiff filed a
claim for workers compensation, and that its workers
compensation carrier participated in the hearing process at
the Department of Industrial Accidents.  Plymouth denies
each and every remaining allegation in Paragraph 6.

7.    In reference to Paragraph 7 of the Complaint,
Plymouth admits that it sent plaintiff a letter dated March
28, 2005, attached hereto as Exhibit A, which speaks for
itself.  Plymouth denies each and every remaining
allegation in Paragraph 7 of the Complaint.

8.    In reference to Paragraph 8 of the Complaint, Plymouth admits that on or about March 29, 2005, the Department of Industrial Accidents approved a Lump Sum Settlement Agreement, in which Plymouth's Workers Compensations carrier participated.  Plymouth denies each and every remaining allegation in paragraph 8 of the Complaint.

9.    In reference to Paragraph 9 of the Complaint, Plymouth admits that the Department of Industrial Accidents approved a Lump Sum Settlement Agreement relating to Plaintiff's claims on or about March 29, 2005 which speaks for itself and is attached hereto as Exhibit B.  Plymouth denies each and every remaining allegation in Paragraph 9.

### COUNT I

(Plymouth incorporates its responses to paragraphs 1-9 of the Complaint as if set forth herein.)

10.   Plymouth denies each and every allegation in Paragraph 10.

11.   Plymouth denies each and every allegation in Paragraph 11.

12.   Plymouth denies each and every allegation of Paragraph 12.

**EXCEPT AS EXPRESSLY ADMITTED HEREIN, PLYMOUTH DENIES EACH AND EVERY ALLEGATION IN THE COMPLAINT.**

### DEFENDANT'S DEFENSES

Without taking any position as to whether such defenses below are affirmative or otherwise, Plymouth states the following defenses and affirmative defenses:

1.    Plaintiff fails to state any claim on which relief can be granted.

2.    Plaintiff has not and cannot meet his burden of showing that he was discriminated against by Plymouth because he exercised any right protected by the Massachusetts Workers' Compensation Act.

3.    Plaintiff is estopped by his own conduct, which includes failing and refusing to return to employment with Plymouth Rubber.

4.    Plaintiff failed to mitigate his damages.

5.    Some or all of the alleged damages arise from Plaintiff's own misconduct.

6.    Plaintiff's claim is barred due to job abandonment, as he applied for and received unemployment benefits during or around the month of April 2003 while seeking employment with other employers.

7.    Plaintiff's claims are barred as a matter of law by M.G.L. Ch.152, § 48(4) because Plaintiff is presumed to be physically incapable of returning to work at Plymouth Rubber as a result of the lump sum settlement.

8.   Plaintiff's claim is barred by his failure to seek reemployment with Plymouth Rubber.

9.   Plaintiff waived reemployment at Plymouth by demanding a lump sum settlement of his Workers' Compensation Claim.

Respectfully submitted,
**Plymouth Rubber Company, Inc.**
By its attorney,

Debra Dyleski-Najjar, BBO 366730
The Wagner Law Group, PC
One Financial Center
Boston, MA 02111
Tel. No.:  (617) 357-5200

Dated:  May 20, 2005

**CERTIFICATE OF SERVICE**

I, Debra Dyleski-Najjar, Esq., hereby certify that on the 24th day of May, 2005, I caused a copy of the foregoing Answer of Defendant to be served, via first-class mail, postage prepaid on the Plaintiff's Attorney, David Green, Esq., Alford & Bertrand, LLC, 60 Arsenal Street, P.O. Box 322, Watertown, MA 02471-0322.

Debra Dyleski-Najjar, Esq.,

# **Plymouth**Rubber Company

104 Revere Street • Canton, Massachusetts 02021-2996

March 28, 2005

Ernst Fernezan
PO Box 27543
Providence, RI 02907

Dear Ernst,

We are sorry you have not yet recovered from your injury and have not been able to return to work. Unfortunately because of your absence, for one year, from work it is necessary for us to remove you from our active employee list. As result of your removal from the active employee list from Plymouth Rubber Company, Inc. effective March 28, 2005, we are providing you with the following information about your benefits.

Your life insurance will end on March 28, 2005. You may apply for conversation of your life insurance (see attached Life Insurance Conversion forms).

We hope you are feeling better and recover from your injury in the near future. When you are able to resume work you may reapply for employment at the Plymouth Rubber Company.

We wish you the best in the future. Please do not hesitate to contact me if you have any questions.

Sincerely,

Don Andrejczyk
Director, Human Resources

Enclosures



**Electrical Tapes  • Automotive Tapes • Industrial Tapes • Highway Marking Products**

Telephone: 781.828.0220 • Fax: 781.828.6041 • info@plymouthrubber.com • www.plymouthrubber.com

**FORM 117**



**The Commonwealth of Massachusetts**
**Department of Industrial Accidents**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

**AGREEMENT FOR REDEEMING LIABILITY**
**BY LUMP SUM UNDER G.L. CH. 152**
**FOR INJURIES OCCURRING ON OR AFTER NOV. 1, 1986**

DIA Board #
(If Known):

23570-02

Page 1 of 2
*Please Print or Type*

EMPLOYEE  Ernst Fernezan

EMPLOYER  Plymouth Rubber Company

INSURER  Granite State Insurance c/o AIGCS

BOARD NUMBER  23570-02

DATE OF INJURY  July 22, 2002

LUMP SUM AMOUNT $  28,000.00

TOTAL DEDUCTIONS $  8,132.62

NET TO CLAIMANT  $  19,867.38

TOTAL PAYMENTS  $  70,973.70
(Weekly benefits plus lump sum)

## CHECK WHERE APPLICABLE

(X)  Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( )  Liability has **NOT** been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(X)  In addition to the lump-sum, the insurer agrees to pay the unpaid and related medical bills incurred as of this date.

( )  The employee is currently receiving a cost-of-living adjustment.

*Department of Industrial Accidents*
*Conciliation Unit*
*Lump Sum Approved As Complete*
*Agreement Approved*
*Date 3/29/0*
*Conciliator*

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

|   | NAME | ADDRESS |
|---|------|---------|
| 1. $ 5,000.00 *Attorney's Fee* | Ronald A. Dardeno | 424 Broadway, Somerville, MA 02145 |
| 2. $ 132.62 *Attorney's Expenses* | Ronald A. Dardeno (Please attach documentation) | 424 Broadway, Somerville, MA 02145 |
| 3. $ _____ *Liens* | (Please attach discharges) | |
| 4. $ _____ *Inchoate Rights* | (Please specify release) | |
| 5. $ 3,000.00 *sect 36.* | Ernst Fernezan | 35 Thackerway St, Apt 5, Providence RI 02907 |
| 6. $ _____ | | |
| 7. $ _____ | | |

**(OVER)**

Form 117 - Revised 8/2001 · Reproduce as needed.

**AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT**    *(Page 2 of 2)*

EMPLOYEE MEDICAL INFORMATION:

Age __40__  No. of Dependents __3__  Average Weekly Wage $ __844.38__  Compensation Rate $ __506.63__

Social Security No. *: _____  Occupation __Machine Operating Helper__  Educational Background __11th grade__

On Social Security:  YES ( )  NO ( X )

On Public Employee Disability Retirement:  YES ( )  NO ( X )

DIAGNOSIS __ulna fracture__ _____  PRESENT MEDICAL CONDITION __Stable__

__lacerations__ _____

Present Work Capacity: __limited__ _____    Third Party Action _____

*PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS IN THE EMPLOYEE'S BEST INTEREST (Specify all allocations):*

See Addendum

(Please attach a separate sheet if necessary.)

Received of __Granite State Insurance c/o AIGCS__ _____ the Lump Sum of __twenty eight__

__thousand__ _____ dollars and __no__ _____ cents ($ __28,000.00__ )

This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers'

Compensation Act, for all injuries received by __Ernst Fernezan__

on or about __July 22, 2002__ _____ while in the employ of __Plymouth Rubber Company__

_____ . I fully understand that after all of the deductions herein I will receive

$_____ . I am fully satisfied with and request approval of this settlement. This agreement

has been translated for me into my native language of _____ .

| | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| CLAIMANT: | *Ernst Fernezan* | 35 Thackerway St, Apt5<br>Providence, RI | 02907 |
| CLAIMANT'S COUNSEL: | *Ronald A. Dardeno* | 424 Broadway<br>Somerville, MA | 02145 |
| INSURER'S COUNSEL: | *Ellen Harrington Sullivan* | 301 Edgewater Place Ste 330<br>Wakefield MA 01880 | |

Signed this __25th__ day of __March__ 20 __05__

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of this document.

## COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.

Superior Court
Docket No.: NOCV2005-00732-A

```
                                    )
Ernst Fernezan,                     )
            Plaintiff               )
                                    )
vs.                                 )
                                    )
Plymouth Rubber Company,            )
            Defendant               )
                                    )
```

## **NOTICE TO PLAINTIFF**

To:    David Green, Esq.
       Alford & Bertrand, LLC
       60 Arsenal Street
       Post Office Box 322
       Watertown, MA 02471-0322

PLEASE TAKE NOTICE that the Defendant Plymouth Rubber Company, Inc. in the above-captioned action did, on May 20, 2005 file in the United States District Court for the District of Massachusetts, the attached Notice of Removal of said case from the above-referenced Court to the United States District Court for the District of Massachusetts.

Respectfully submitted,
Plymouth Rubber Company, Inc.
By its attorneys,

Debra Dyleski-Najjar, Esq., BBO No.: 366730
The Wagner Law Group, PC
One Financial Center
Boston, MA 02111
(617) 537-5200

Dated: May 20, 2005

### **CERTIFICATE OF SERVICE**

I, Debra Dyleski-Najjar, Esq., hereby certify that on the 20th day of May, 2005, I caused a copy of the foregoing Notice to Plaintiff to be served, via first-class mail, postage prepaid on the Plaintiff's Attorney, David Green, Esq., Alford & Bertrand, LLC, 60 Arsenal Street, P.O. Box 322, Watertown, MA 02471-0322.

Debra Dyleski-Najjar, Esq.

K:\10787\MMC0507.DOC

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                         Superior Court

|  |  |
|---|---|
| Ernst Fernezan,<br>        Plaintiff | )<br>)<br>)<br>) |
| vs. | )<br>) |
| Plymouth Rubber Company,<br>        Defendant | )<br>)<br>) |

Docket No.: NOCV2005-00732-A

### NOTICE OF FILING

PLEASE TAKE NOTICE that, on this date, Defendant Plymouth Rubber Company, Inc. filed with the United States District Court for the District of Massachusetts, its Notice of Removal, a copy of which is attached to this Notice of Filing, effecting the removal of this action to federal court.

Respectfully submitted,
Plymouth Rubber Company, Inc.
By its attorneys,

Debra Dyleski-Najjar, Esq., BBO No.: 366730
The Wagner Law Group, PC
One Financial Center
25th Floor
Boston, MA 02111
(617) 537-5200

Dated: May 20, 2005

### CERTIFICATE OF SERVICE

I, Debra Dyleski-Najjar, Esq., hereby certify that on the _20_ day of May, 2005, I caused a copy of the foregoing to be served, via first-class mail, postage prepaid on the Plaintiff's Attorney, David Green, Esq., Alford & Bertrand, LLC, 60 Arsenal Street, P.O. Box 322, Watertown, MA 02471-0322.

Debra Dyleski-Najjar, Esq.

K:\10787\MMC0581.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ernst Fernezan, | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Civil Action No. _____ |
| | ) |
| Plymouth Rubber Company, Inc. | ) |
| Defendant | ) |
| | ) |

**05  1 1057 NMG**

### CORPORATE DISCLOSURE STATEMENT LOCAL RULE 7.3(A)

☐ The filing party, a non governmental corporation, identifies the following parent companies (list the names and addresses of each parent corporation and any publicly held company that owns 10% or more of the party's stock):

☐ The filing party identifies the following publicly held corporation with which a merger agreement with the party exists:

☒ The filing party has no parent companies or merger agreements with publicly held corporations.

Respectfully submitted,
Plymouth Rubber Company, Inc.
By its attorney,

Debra Dyleski-Najjar, BBO #: 366730
The Wagner Law Group
One Financial Center
Boston, MA 02111
Tel. No.: (617) 357-5200

Dated: May 20, 2005

**CERTIFICATE OF SERVICE**

I, Debra Dyleski-Najjar, Esq., hereby certify that on the 20th day of May, 2005, I caused a copy of the foregoing Corporate Disclosure Statement to be served, via first-class mail, postage prepaid on the Plaintiff's Attorney, David Green, Esq., Alford & Bertrand, LLC, 60 Arsenal Street, P.O. Box 322, Watertown, MA 02471-0322.

Debra Dyleski-Najjar, Esq.

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a)   PLAINTIFFS | DEFENDANTS |
|---|---|
| ERNST FERNEZAN | PLYMOUTH RUBBER COMPANY, INC. |

| (b)  County of Residence of First Listed Plaintiff   RHODE ISLAND | County of Residence of First Listed Defendant   NORFOLK |
|---|---|
| (EXCEPT IN U.S. PLAINTIFF CASES) | (IN U.S. PLAINTIFF CASES ONLY) |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

(c)  Attorney's (Firm Name, Address, and Telephone Number)
David Green, Esq., Alford & Bertrand, LLC, 60 Arsenal St.,
P. O. Box 322, Watertown, MA 02471-0322

Attorneys (If Known)

**05 1057 NMG**

## II. BASIS OF JURISDICTION    (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☐ 3   Federal Question (U.S. Government Not a Party) |
| ☐ 2   U.S. Government Defendant | ☒ 4   Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN    (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☐ 1  Original Proceeding | ☒ 2  Removed from State Court | ☐ 3  Remanded from Appellate Court | ☐ 4  Reinstated or Reopened | ☐ 5  Transferred from another district (specify) | ☐ 6  Multidistrict Litigation | ☐ 7  Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. Section 1332
Brief description of cause:
Alleged worker's compensation discrimination, M.G.L. c. 152, Section 75B

| VII. REQUESTED IN COMPLAINT: | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $ $120,000 | CHECK YES only if demanded in complaint: JURY DEMAND:   ☒ Yes   ☐ No |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instructions): | JUDGE | DOCKET NUMBER |
|---|---|---|---|

DATE  5/20/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)_____Ernst Fernezan v. Plymouth Rubber Company, Inc._____
_____

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

[ ]   I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

[✓]   II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

[ ]   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
           315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
           380, 385, 450, 891.

[ ]   IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
           690, 810, 861-865, 870, 871, 875, 900.

[ ]   V.    150, 152, 153.

05 11057 NMG

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
_____

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                              YES [ ]      NO [✓]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)

                                              YES [ ]      NO [✓]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                              YES [ ]      NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                              YES [ ]      NO [✓]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                              YES [✓]      NO [ ]

    A.   If yes, in which division do all of the non-governmental parties reside?

         Eastern Division [✓]        Central Division [ ]        Western Division [ ]

    B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

         Eastern Division [ ]        Central Division [ ]        Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

                                              YES [ ]      NO [✓]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    Debra Dyleski-Najjar
_____

ADDRESS    The Wagner Law Group, One Financial Center, Boston, MA 02111
_____

TELEPHONE NO.    (617) 357-5200
_____

(CategoryForm.wpd - 5/2/05)