UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                            )
Ernst Fernezan,             )
          Plaintiff         )
                            )
vs.                         )   C.A. No. 05-11057-NMG
                            )
Plymouth Rubber Company, Inc.)
          Defendant         )
_____)
```

<u>Defendant's Motion to Dismiss</u>
<u>For Failure to State A Claim</u>

Pursuant to Rule 12(b)(6), now comes the Defendant Plymouth Rubber Company, Inc. and moves to dismiss the single count complaint of Ernst Fernezan. As further stated in the Memorandum of Law submitted in support of this Motion, Plaintiff fails to state a claim upon which relief can be granted.

Specifically, Plaintiff's claim that Defendant discharged him from employment on March 28, 2005 in violation of M.G.L. c. 152, §75B (2) is barred by M.G. L. c. 152, §48(4). Because Plaintiff accepted a lump sum settlement under the Workers Compensation Act, which was approved by the Department of Industrial Accidents on March 29, 2005 in the amount of $28,000, such claim is barred by M.G.L. c. 152, §48(4) which provides:

> **Notwithstanding any provision of** this section or of sections seventy-five A or **seventy-five B**, the acceptance of any amount in return for the right to claim future weekly benefits shall create a

> **presumption that the employee is physically incapable of returning to work with the employer where the alleged injury occurred.** Such presumption shall continue for a period of one month for each fifteen hundred dollar amount included in the settlement for future weekly benefits. **No reemployment rights shall inure to such employee under this chapter during any period of presumption of incapacity as herein provided. (emphasis added).**

WHEREFORE, Plaintiff's claim fails as a matter of law as he is presumed incapable of returning to work for Plymouth Rubber at all times relevant to the Complaint. This Court should dismiss the Complaint with prejudice and grant Defendant such other and further relief as is just and equitable.

                              Respectfully submitted,
                              **Plymouth Rubber Company, Inc.**
                              By its attorney,

                              /s/ Debra Dyleski-Najjar
                              Debra Dyleski-Najjar, BBO 366730
                              The Wagner Law Group, PC
                              One Financial Center
                              Boston, MA 02111
                              Tel. No.: (617) 357-5200
Dated: May 27, 2005

**CERIFICATE OF CONFERRAL**

On May 26, 2005, I contacted Plaintiff's Attorney, David Green, Esq., Alford & Bertrand, LLC, to obtain his assent to this Motion to Dismiss. He does not assent.

                              /s/ Debra Dyleski-Najjar
                              Debra Dyleski-Najjar

**CERTIFICATE OF SERVICE**

I, Debra Dyleski-Najjar, Esq., hereby certify that on the 27th day of May, 2005, I caused a copy of the foregoing Defendant's Motion to Dismiss to be served, via first-class mail, postage prepaid on the Plaintiff's Attorney, David Green, Esq., Alford & Bertrand, LLC, 60 Arsenal Street, P.O. Box 322, Watertown, MA 02471-0322.

                              /s/Debra Dyleski-Najjar
                              Debra Dyleski-Najjar, Esq.