```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

_____
                                  )
Ernst Fernezan,                   )
          Plaintiff               )
                                  )
vs.                               )   Civil Action No. 05-11057-NMG
                                  )
Plymouth Rubber Company, Inc.     )
          Defendant               )
_____)

<u>Memorandum in Support of</u>
<u>Defendant's Motion to Dismiss</u>
<u>For Failure to State A Claim</u>

I.  <u>INTRODUCTION</u>

On or about April 13, 2005, only fifteen days after accepting a lump sum workers' compensation settlement, the Plaintiff Ernst Fernezan filed a complaint in Norfolk County Superior Court styled in one count against his employer Plymouth Rubber Company, Inc.  On or about May 20, 2005, Defendant Plymouth Rubber Company removed the action to this Court based on the Court's diversity jurisdiction.

This memorandum is submitted in support of Defendant's Motion to Dismiss the Complaint for Failure to State a Claim under Federal Rules of Civil Procedure (FRCP), Rule 12(b)(6). As further stated herein, Plaintiff's claim that Defendant violated MGL c. 152, § 75B(2) by "discharging him from employment" because he exercised rights afforded by the Massachusetts Workers' Compensation Act fails as a matter of

law.  Because Plaintiff accepted a lump sum settlement, any such claim is barred by MGL c. 152, § 48(4) which provides:

> **Notwithstanding any provision of** this section or of sections seventy-five A or **seventy-five B**, the acceptance of any amount in return for the right to claim future weekly benefits shall create a **presumption that the employee is physically incapable of returning to work with the employer where the alleged injury occurred**.  Such presumption shall continue for a period of one month for each fifteen hundred dollar amount included in the settlement for future weekly benefits.  **No reemployment rights shall inure to such employee under this chapter during any period of presumption of incapacity as herein provided.** (Emphasis added)

II.  FACTS

Solely for purposes of this Motion to Dismiss, Defendant assumes the following facts alleged in the Complaint and in the documents referenced in the complaint as true:[1]

1.  Plaintiff was employed by Defendant as a Machine Operator/Helper.  Complaint Para. 3; Answer of Defendant Para. 9; Ex. B.

2.  On or about July 22, 2002, Plaintiff suffered a work related accident in which he fractured his right ulna. Complaint Para. 3; Ex. B.

---

[1] In the context of a Motion to Dismiss, the Court may examine documents referred to in the Complaint, official public records, documents central to Plaintiff's claim, and documents the authenticity of which are not disputed by the parties. See Watterson v. Page, 978 F.2d 1, 3-4 (1st Cir. 1993).  As plaintiff refers to the March 28, 2005 letter, which Defendant attached to its Answer and hereto as Ex. A which speaks for itself, and refers to the Lump Sum Settlement which is part of the Dept. of Industrial Accidents' public records, attached to Defendant's Answer and hereto as Ex. B, reference to such documents does not convert this Motion to one for summary judgment.

2

3.   Plaintiff alleges he did not return to work at Plymouth Rubber from July 22, 2002 through the present. <u>Complaint</u> Para. 4.

4.   On March 29, 2005, the Department of Industrial Accidents approved a Lump Sum Settlement Agreement to which the parties had agreed on or about March 21, 2005, which paid Plaintiff a lump sum of $28,000.  <u>Complaint</u> Para 9; <u>Answer of Defendant</u> Para 9; Ex. B.

5.   Following such agreement of the parties, Defendant mailed a letter to Plaintiff dated March 28, 2005 which provided as follows:

> We are sorry you have not yet recovered from your injury and have not been able to return to work. Unfortunately because of your absence, for one year, from work it is necessary for us to remove you from our active employee list.  As result of your removal from the active employee list from Plymouth Rubber Company, Inc. effective March 28, 2005, we are providing you with the following information about your benefits.
>
> Your life insurance will end on March 28, 2005.  You may apply for conversation (sic) of your life insurance (see attached Life Insurance Conversion forms).
>
> We hope you are feeling better and recover from your injury in the near future.  <u>When you are able to resume work you may reapply for employment at the Plymouth Rubber Company</u>.
>
> We wish you the best in the future.  Please do not hesitate to contact me if you have any questions. (Emphasis added)

<u>Complaint</u> Para. 7; <u>Answer of Defendant</u>, Para. 7; Ex. A.

6. Plaintiff claims that the March 28, 2005 letter "terminated plaintiff's employment" in violation of MGL c. 152, § 75B(2), and he seeks wages in the amount of $91,868.26 as well as damages for pain, suffering and emotional distress. Such claim, however, fails as a matter of law.

III. <u>ARGUMENT</u>

> **<u>Plaintiff's Claim is Barred As a Matter of Law by MGL c. 152, § 48(4). Pursuant to Statute, Plaintiff Has No Reemployment Rights with Plymouth Rubber, and He is Presumed Unable to Return to Work at Plymouth Rubber for at Least Eighteen Months Following the Lump Sum Settlement Award.</u>**

As the Massachusetts Court of Appeals has expressly held, Section 75B is not a prohibition on discharging injured employees. <u>Piderit v. Siegal & Sons Investment, Ltd.</u>, 55 Mass. App. Ct. 1, 6 (2002); <u>see also</u> <u>Doe v. Commonwealth of Mass. Dept. of Social Services</u>, 9 Mass. L. Rptr. 159 (1998) (By accepting lump sum, plaintiff had no reemployment rights for the presumed statutory period of disability). In <u>Piderit</u>, in the face of a similar claim under MGL c. 152, § 75B(2), the Court of Appeals upheld judgment in the employer's favor where the injured employee could not perform his/her job duties.

In the instant case, as a matter of law, Plaintiff is presumed unable to perform his/her job duties for at least 18

months after accepting the lump sum settlement.  Thus, even assuming arguendo that the March 28, 2005 letter constituted a "discharge," the Plaintiff's claim must fail as a matter of law.

The Massachusetts Workers Compensation Act provides that – "**notwithstanding any provision of . . . seventy-five B**" pursuant to which Plaintiff seeks to state a claim:

> the acceptance of any [lump sum settlement] amount in return for the right to claim future weekly benefits shall create a **presumption that the employee is physically incapable of returning to work with the employer where the alleged injury occurred.**

Further, the statute provides that:

> Such presumption shall continue for a period of one month for each fifteen hundred dollar amount included in the settlement for future weekly benefits.

Finally, the statute provides that:

> **No reemployment rights** shall inure to such employee under this chapter **during any period of presumption of incapacity** as herein provided.

MGL c. 152, § 48(4)(emphasis added).

In the instant case, it is undisputed that Plaintiff accepted a lump sum settlement in the amount of $28,000 approved on March 29, 2005.  <u>Answer</u>; Ex. B.  Thus, applying the formula in the statute (cited above) to the undisputed facts, plaintiff has NO REMPLOYMENT RIGHTS with the Defendant as a matter of law until at the earliest September 30, 2006.  The statute provides that for at least eighteen months, the Plaintiff is presumed to

5

be physically incapable of returning to employment with his former employer. Moreover, even thereafter, as a matter of law, he is merely granted a "preference" in rehiring <u>if</u> he applies for a vacancy. M.G.L. c. 152, §75A. Even if not statutorily presumed disqualified, Plaintiff has not and cannot allege that he either applied for a vacancy or that any such vacancy existed for which he would be qualified.

Defendant's letter to Plaintiff notifying him that he will no longer be considered an "active employee" of Plymouth Rubber is consistent with the provisions of MGL c. 152, § 48(4). Plaintiff's claim, therefore, for lost wages and discrimination based on alleged unlawful "discharge" in March 28, 2005 fails as a matter of law.

By seeking and accepting a lump sum payment, as Plaintiff did in the instant case, Plaintiff has no reemployment rights as a matter of law for at least 18 months. <u>Doe v. Commonwealth of Mass. Dept. of Social Services</u>, 9 Mass. L. Rptr. 159 (1998). Thus, he has not and cannot state a claim for discrimination on the grounds that Defendant unlawfully:

> "discharged the Plaintiff in violation of Mass. Gen L. Ch. 152, § 75B(2) for exercising rights under and pursuant to the Massachusetts Workers Compensation Act." <u>Complaint Para.</u> 10.

Section 48(4) expressly references and overrides any reemployment rights otherwise available under Section 75(B).

Clearly, the March 28, 2005 letter – which speaks for itself – is in accordance with the law. The letter merely advised Plaintiff that he would no longer be considered an "active employee," and expressly invited Plaintiff to reapply for employment when he was able to resume work. Such letter merely confirmed the legal effect of Plaintiff's accepting a lump sum settlement -- which resulted in no reemployment rights for a presumed period of at least 18 months consistent with Doe, *supra*.

As found in Pederit, a plaintiff cannot state a claim under MGL c. 152, § 75B where he merely asserts that (a) he was injured and (b) he was fired because he was unable to meet the employer's job expectations. Piderit v. Siegal & Sons Investment, Ltd., 55 Mass. App. Ct. 1, 6 (2002)(Upholding discharge where plaintiff could not perform job duties due to injury, noting that "Section 75B is not a prohibition on discharging injured employees.") In the instant case, as a matter of law, Fernezan is presumed unable to meet the physical requirements of the job for at least 18 months, and the March 28, 2005 letter merely informed him that he was no longer an "active employee." On such facts, Plaintiff has not and cannot state a claim as a matter of law for "discharge in violation of MGL c. 152, § 75B." Id.

IV. <u>Conclusion</u>

For all of the reasons stated herein, Plaintiff's claim fails as a matter of law.  Wherefore, the Defendant prays that this Court dismiss the Complaint with prejudice and grant Defendant such other and further relief as is just and equitable.

                              Respectfully submitted,
                              **Plymouth Rubber Company, Inc.**
                              By its attorney,

                              /s/Debra Dyleski-Najjar
                              Debra Dyleski-Najjar, BBO 366730
                              The Wagner Law Group, PC
                              One Financial Center
                              Boston, MA 02111
                              Tel. No.:  (617) 357-5200

Dated:  May 27, 2005

**CERIFICATE OF CONFERRAL**

On May 26, 20005, I contacted Plaintiff's Attorney, David Green, Esq., Alford & Bertrand, LLC, to obtain his assent to this Motion to Dismiss.  He does not assent

                              _____/s/Debra Dyleski-Najjar___
                              Debra Dyleski-Najjar

**CERTIFICATE OF SERVICE**

I, Debra Dyleski-Najjar, Esq., hereby certify that on the 27th day of May, 2005, I caused a copy of the foregoing Defendant's Memorandum in Support of Its Motion to Dismiss to be served, via first-class mail, postage prepaid on the Plaintiff's Attorney, David Green, Esq., Alford & Bertrand, LLC, 60 Arsenal Street, P.O. Box 322, Watertown, MA 02471-0322.

                              __/s/ Debra Dyleski-Najjar
                              Debra Dyleski-Najjar, Esq.

370120

# Plymouth Rubber Company
104 Revere Street • Canton, Massachusetts 02021-2996

March 28, 2005

Ernst Fernezan
PO Box 27543
Providence, RI 02907

Dear Ernst,

We are sorry you have not yet recovered from your injury and have not been able to return to work. Unfortunately because of your absence, for one year, from work it is necessary for us to remove you from our active employee list. As result of your removal from the active employee list from Plymouth Rubber Company, Inc. effective March 28, 2005, we are providing you with the following information about your benefits.

Your life insurance will end on March 28, 2005. You may apply for conversation of your life insurance (see attached Life Insurance Conversion forms).

We hope you are feeling better and recover from your injury in the near future. When you are able to resume work you may reapply for employment at the Plymouth Rubber Company.

We wish you the best in the future. Please do not hesitate to contact me if you have any questions.

Sincerely,

Don Andrejczyk
Director, Human Resources

Enclosures


Electrical Tapes • Automotive Tapes • Industrial Tapes • Highway Marking Products
Telephone: 781.828.0220 • Fax: 781.828.6041 • info@plymouthrubber.com • www.plymouthrubber.com



Ex. B.

FORM 117

**The Commonwealth of Massachusetts
Department of Industrial Accidents**
600 Washington Street – 7th Floor, Boston, Massachusetts 02111
Info. Line 800-323-3249 ext. 470 in Mass. Outside Mass. - 617-727-4900 ext. 470
http://www.mass.gov/dia

DIA Board # (If Known): 23570-02

## AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM UNDER G.L. CH. 152 FOR INJURIES OCCURRING ON OR AFTER NOV. 1, 1986

Page 1 of 2
Please Print or Type

EMPLOYEE: Ernst Fernezan
EMPLOYER: Plymouth Rubber Company
INSURER: Granite State Insurance c/o AIGCS
BOARD NUMBER: 23570-02
DATE OF INJURY: July 22, 2002

LUMP SUM AMOUNT $ 28,000.00
TOTAL DEDUCTIONS $ 8,132.62
NET TO CLAIMANT $ 19,867.38
TOTAL PAYMENTS $ 70,973.70
(Weekly benefits plus lump sum)

**CHECK WHERE APPLICABLE**

(X) Liability has been established by acceptance or by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall not redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

( ) Liability has NOT been established by standing decision of the Board, the Reviewing Board, or a court of the Commonwealth and this settlement shall redeem liability for the payment of medical benefits and vocational rehabilitation benefits with respect to such injury.

(X) In addition to the lump-sum, the insurer agrees to pay reasonable, necessary and related medical bills incurred as of this date.

( ) The employee is currently receiving a cost-of-living adjustment.

*[Stamp: Department of Industrial Accidents Conciliation Unit — Lump Sum Approved As Complete Agreement Approved  Date 3/29/0_  Conciliator]*

DEDUCTIONS: From the lump-sum amount as stated above, the amount(s) listed below will be deducted and paid directly to the following parties:

| # | Amount | NAME | ADDRESS |
|---|---|---|---|
| 1. | $5,000.00 Attorney's Fee | Ronald A. Dardeno | 424 Broadway, Somerville, MA 02145 |
| 2. | $132.62 Attorney's Expenses | Ronald A. Dardeno | 424 Broadway, Somerville, MA 02145 |
| 3. | $ Liens | (Please attach documentation) | |
| 4. | $ Inchoate Rights | (Please attach discharges) | |
| 5. | $3,000.00 sect 36. | Ernst Fernezan | 35 Thackerway St, Apt 5, Providence RI 02907 |
| 6. | $ | | |
| 7. | $ | | |

(OVER)

Form 117 - Revised 8/2001 - Reproduce as needed

## AGREEMENT FOR REDEEMING LIABILITY BY LUMP SUM SETTLEMENT (Page 2 of 2)

EMPLOYEE MEDICAL INFORMATION:

Age __40__  No. of Dependents __2__  Average Weekly Wage $ __844.38__  Compensation Rate $ __506.63__

Social Security No.*: ████-██-████  Occupation __Machine Operating Helper__  Educational Background __11th grade__

On Social Security: YES ( ) NO ( X )

On Public Employee Disability Retirement: YES ( ) NO ( X )

DIAGNOSIS __ulna fracture__  PRESENT MEDICAL CONDITION __Stable__
__lacerations__

Present Work Capacity: __limited__   Third Party Action _____

**PLEASE GIVE A BRIEF HISTORY OF THE CASE AND INDICATE WHY THE SETTLEMENT IS IN THE EMPLOYEE'S BEST INTEREST (Specify all allocations):**

See Addendum

(Please attach a separate sheet if necessary.)

Received of __Granite State Insurance c/o AIGCS__ the Lump Sum of __twenty eight thousand__ dollars and __no__ cents ($ __28,000.00__)

This payment is received in redemption of the liability of all weekly payments now or in the future due me under the Workers' Compensation Act, for all injuries received by __Ernst Fernezan__ on or about __July 22, 2002__ while in the employ of __Plymouth Rubber Company__.

$ _____. I fully understand that after all of the deductions herein I will receive $_____. I am fully satisfied with and request approval of this settlement. This agreement has been translated for me into my native language of _____

| | SIGNATURE | ADDRESS | ZIP CODE |
|---|---|---|---|
| CLAIMANT: | *[signed]* Ernst Fernezan | 35 Thackerway St, Apt 5  Providence, RI | 02907 |
| CLAIMANT'S COUNSEL: | *[signed]* Ronald A. Dardeno | 424 Broadway  Somerville, MA | 02145 |
| INSURER'S COUNSEL: | *[signed]* Ellen Harrington Sullivan | 301 Edgewater Place Ste 330  Wakefield MA | 01880 |

Signed this __25th__ day of __March__ 20__05__

*Disclosure of Social Security Number is Voluntary. It will aid in the processing of this document.