MAS-20041213      Commonwealth of Massachusetts      05/24/2005
fostervi      NORFOLK SUPERIOR COURT      01:14 PM
Case Summary
Civil Docket

Case 1:05-cv-11057-NMG    Document 4    Filed 05/27/2005    Page 1 of 15

### NOCV2005-00732
### Fernezan v Plymouth Rubber Company

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 04/25/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 05/24/2005 | **Session** | A - Civil A-CtRm 10 | | |
| **Origin** | 1 | **Case Type** | E11 - Workman's compensation | | |
| **Lead Case** | | **Track** | X | | |
| **Service** | 07/24/2005 | **Answer** | 09/22/2005 | **Rule12/19/20** | |
| **Rule 15** | | **Discovery** | | **Rule 56** | |
| **Final PTC** | 10/22/2005 | **Disposition** | 11/21/2005 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Ernst Fernezan
Active 04/25/2005

**Private Counsel 642406**
David M Green
Alford & Bertrand
60 Arsenal Street
PO Box 322
Watertown, MA 02471-0322
Phone: 617-926-8800
Fax: 617-924-7780
Active 04/25/2005 Notify

**Defendant**
Plymouth Rubber Company
Served: 05/04/2005
Served (answr pending) 05/20/2005

**Private Counsel 366730**
Debra Dyleski-Najjar
Hinckley Allen & Snyder
28 State Street
Boston, MA 02109
Phone: 617-345-9000
Fax: 617-345-9020
Active 05/24/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 04/25/2005 | 1.0 | Complaint & jury claim filed $280.00 entry fee paid |
| 04/25/2005 | | Origin 1, Type E11, Track X. |
| 04/25/2005 | 2.0 | Civil action cover sheet filed |
| 04/25/2005 | | X track notice sent to plffs attorney |
| 04/28/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 05/20/2005 | 3.0 | SERVICE RETURNED: in hand to Don Andriczyk, legal department, person in charge at the time of service for Plymouth Rubber Company(Defendant) 5/4/05 |
| 05/24/2005 | 4.0 | Case REMOVED this date to US District Court of Massachusetts (rec'd 5/23/05) |

### EVENTS



COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                                    SUPERIOR COURT
                                                                DOCKET NO: REQUESTED

*******************************
**ERNST FERNEZAN**              *                               05  60732
    PLAINTIFF                   *
                                *
VS.                             *
                                *
**PLYMOUTH RUBBER COMPANY**     *
    DEFENDANT                   *
*******************************

## Introduction

The Plaintiff, Ernst Fernezan, brings this action against the Defendant, Plymouth Rubber Company, pursuant to Mass.Gen.L. Ch. 152, §75B(2) which prohibits an employer from discharging, refusing to hire, or in any other manner discriminating against an employee because the employee has exercised his rights under the Massachusetts Worker's Compensation Act.

## Parties

1. The Plaintiff is an adult resident of the state of Rhode Island, residing at 35 Thackray Street, Providence, Rhode Island.

2. The Defendant, Plymouth Rubber Company is a duly organized corporation with substantial business contacts in the Commonwealth of Massachusetts, doing substantial business in the Commonwealth of Massachusetts and with a principal place of business at 104 Revere Street, Canton, Massachusetts.

## Facts

3. On or about July 22, 2002 Plaintiff was involved in a work-related accident that occurred on Defendant's premises.

4. Plaintiff has not returned to work since the date of the accident.

5. As a result of the industrial accident, Plaintiff filed a workers' compensation claim.

6. Defendant was aware of the workers' compensation claim and participated in the process at the Department of Industrial Accidents.

7. On or about March 28, 2005, Defendant purportedly sent Plaintiff a letter, stating that he was terminated on March 28, 2005.

8. Plaintiff's case was scheduled for a lump sum settlement on March 29, 2005, which Defendant was aware of and participated in.

9. The lump sum was approved on March 29, 2005 at the Department of Industrial Accidents.

### COUNT 1 - DEFENDANT LIBERTY PROPERTIES - VIOLATION OF MASS.GEN.L. CH. 152, §75b(2)

(The Plaintiff reasserts the allegations set forth in paragraphs 1 - 9 above and incorporates the same herein by reference.)

10. The Defendant discharged the Plaintiff in violation of Mass.Gen.L. Ch. 152, §75B(2) for exercising his rights under and pursuant to the Massachusetts Worker's Compensation Act.

11. The Defendant discriminated against the Plaintiff in violation of Mass.Gen.L. Ch. 152, §75 (2) for exercising his rights under and pursuant to the Massachusetts Worker's Compensation Act.

12. As a direct and proximate result of the illegal actions of the Defendant as herein above set forth, the Plaintiff has been caused to suffer financial loss, lost wages and benefits, mental anguish and pain and suffering.

WHEREFORE, the Plaintiff demands that judgment be entered for his damages with lost wages and benefits and pain and suffering against the Defendant, together with interest, costs, and attorney's fees with actual and compensatory damages. The Plaintiff also demands the Court enter an Order compelling the Defendant to grant the Plaintiff suitable employment, and such other relief as the Court deems just.

Plaintiff demands a jury trial on all counts.

By Plaintiff's Attorney,

DAVID GREEN, ESQUIRE
ALFORD & BERTRAND, LLC
60 Arsenal Street
Post Office Box 322
Watertown, MA  02471-0322
(617) 926-8800

A TRUE COPY

Attest: _____
Deputy Assistant Clerk
5/24/05

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-60792 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

PLAINTIFF(S): Ernst Fernezan

DEFENDANT(S): PLymouth Rubber Company

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE: David Green, Alford & Bertrand, 60 Arsenal Street, Watertown, MA 02471 (617) 926-8800

ATTORNEY (if known):

Board of Bar Overseers number: 642406

### Origin code and track designation

Place an x in one box only:
- [ ] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E11 | Workers Comp. | (X) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses .......................................... $............
2. Total Doctor expenses ........................................... $............
3. Total chiropractic expenses ..................................... $............
4. Total physical therapy expenses ................................. $............
5. Total other expenses (describe) ................................. $............
                                                     Subtotal $............

Documented lost wages and compensation to date ............................... $47,960.50
Documented property damages to date ............................................ $............
Reasonably anticipated future medical and hospital expenses .................... $............
Reasonably anticipated lost wages .............................................. $43,907.76
Other documented items of damages (describe) pain and suffering, emotional damages $ 28,131.74

Brief description of plaintiff's injury, including nature and extent of injury (describe)
PLaintiff was terminated by Defendnat while he was receiving workers' compensation benefits

                                                     $............
                                            TOTAL $ 120,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                            TOTAL $............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____         DATE: 4-13-05

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
5/24/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:-
TORT - MOTOR VEHICLE TORT - CONTRACT -
EQUITABLE RELIEF - OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 05 00732



RECEIVED & FILED
CLERK OF THE COURTS
NORFOLK COUNTY
5/20/05

ERNST FERNEZAN ........................................., *Plaintiff(s)*

v.

PLYMOUTH RUBBER COMPANY ........................., *Defendant(s)*

### SUMMONS

To the above-named Defendant: Plymouth Rubber Company

You are hereby summoned and required to serve upon David Green, Esquire, plaintiff's attorney, whose address is P.O. Box 322, Watertown, MA 02471-0322, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, ~~SUZANNE V. DELVECCHIO~~ BARBARA J. ROUSE, *Esquire*, at Dedham the 28th day of April, in the year of our Lord two thousand and Five.

_____ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

A TRUE COPY
Attest: _____
~~Deputy~~ Assistant Clerk
5/24/05



**Norfolk County Sheriff's Department**  P.O. Box 859215 Braintree, MA 02185-9215 / Tel. # (781) 326-1787
*Norfolk, ss.*

May 5, 2005

I hereby certify and return that on 5/4/2005 at 1:02PM I served a true and attested copy of the summons, complaint, tracking order and civil action cover sheet in this action in the following manner: To wit, by delivering in hand to Don Andriczyk, legal dept., , person in charge at the time of service for Plymouth Rubber Company, at 104 Revere Street, Canton, MA 02021. Basic Service Fee ($30.00), Copies-Attestation ($5.00), Conveyance ($4.50), Postage and Handling ($1.00), Travel ($4.48) Total Charges $44.98

Deputy Sheriff Frederick J. Laracy                                                         *Frederick J. Laracy*
                                                                                             Deputy Sheriff

N. B.  TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20    .

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.                                 SUPERIOR COURT
                                             CIVIL ACTION
                                             NO.

........................., Plaintiff

v.

........................., Defendant

SUMMONS
(Mass. R. Civ. P.4)

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Ernst Fernezan,<br>Plaintiff<br><br>v.<br><br>Plymouth Rubber Company, Inc.<br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

05 11057 NMG

NOTICE OF REMOVAL OF
CIVIL ACTION PURSUANT
TO 28 U.S.C. § 1441
CIVIL ACTION NO.

### NOTICE OF REMOVAL

Defendant Plymouth Rubber Company, Inc. respectfully states the following in support of this Notice of Removal based on this Court's diversity jurisdiction:

1. On or about April 13, 2005, Plaintiff Ernst Fernezan initiated an action against the Defendant Plymouth Rubber Company, Inc. in the Superior Court of the State of Massachusetts, Norfolk County ("the State Court Action").

2. On May 4, 2005, Fernezan served Plymouth Rubber Company with a copy of the Summons and Complaint. A true and correct copy of the Summons and Complaint, served upon Plymouth Rubber Company are attached hereto as Exhibit A.

3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332(a) and 1441(e) and Plaintiff alleges the amount in controversy as $120,000.

1

4. Plaintiff is a resident of the State of Rhode Island. (Complaint Para. 1).

5. Defendant is a Massachusetts Corporation with a place of business in Canton, Massachusetts. (Complaint Para. 2).

6. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings and orders that have been served upon Defendant to date in this matter are included with this Notice of Removal as Exhibit A.

7. Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal will be submitted for filing with the Clerk of the State Superior Court, Norfolk County.

8. This Notice of Removal is being filed within 30 days, as defined by 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a), after Defendants first received a copy of the Summons and Complaint as well as notice of the claims made herein.

9. Written notice of the filing of this Notice of Removal has been given to all parties who have appeared in this action.

10. The required filing fee of $250.00 and an executed Civil Cover Sheet accompany this Notice.

11. Pursuant to Local Rule 81.1., Defendant Plymouth Rubber shall request from the Clerk of the Norfolk Superior Court certified or attested copies of all records and proceedings in the state court and certified or attested copies of all docket entries in the state court, and shall file the

same with this Court within thirty (30) days after the filing of this Notice of Removal.

*WHEREFORE*, the Defendant Plymouth Rubber prays that the action now pending in the Norfolk County Superior Court be removed therefrom to this Court.

>Respectfully submitted,
>Plymouth Rubber Company, Inc.
>By its attorneys,
>
>_/s/ Debra Dyleski-Najjar_
>Debra Dyleski-Najjar, BBO No.: 366730
>The Wagner Law Group, PC
>One Financial Center
>Boston, MA 02111

Dated: May 20, 2005

## CERTIFICATE OF SERVICE

I, Debra Dyleski-Najjar, hereby certify that on this 20th day of May 2005, I caused a true and accurate copy of the foregoing Notice of Removal and of the accompanying Notice to Plaintiff to be served by first class U.S. Mail, postage prepaid, upon the following:

David Green, Esq.
Alford & Bertrand, LLC
60 Arsenal Street
P.O. Box 322
Watertown, MA 02471-0322

_/s/ Debra Dyleski-Najjar_
Debra Dyleski-Najjar, Esq.

A TRUE COPY
Attest: _Virginia Foto_
Deputy Assistant Clerk
5/24/05

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:—
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER.)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                      SUPERIOR COURT
                                                                  CIVIL ACTION

(LS)                                                              NO. 05 00732

ERNST FERNEZAN ........................................, *Plaintiff(s)*

v.

PLYMOUTH RUBBER COMPANY ............................, *Defendant(s)*

### SUMMONS

To the above-named Defendant: Plymouth Rubber Company

You are hereby summoned and required to serve upon David Green, Esquire, plaintiff's attorney, whose address is P.O. Box 322, Watertown, MA 02471-0322, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

~~BARBARA J. ROUSE, Esquire~~
WITNESS, ~~SUZANNE V. DELVECCHIO,~~ *Esquire*, at Dedham the 28th day of April, in the year of our Lord two thousand and Five.

                                                    _____ Clerk.

A TRUE COPY, ATTEST:
_____
DEPUTY SHERIFF
DATE 5/4/05

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

F-33

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................., 20    , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

....................................................................................................................................

....................................................................................................................................

....................................................................................................................................

Dated:                        , 20      ....................................................................

N. B. TO PROCESS SERVER:-

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| , 20 . |

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. ..................

.................., Plaintiff

v.

.................., Defendant

SUMMONS
(Mass. R. Civ. P.4)

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, SS.                                                    SUPERIOR COURT
                                                                 DOCKET NO: REQUESTED

*********************************
**ERNST FERNEZAN**              *
    **PLAINTIFF**               *
                                *
VS.                             *
                                *
**PLYMOUTH RUBBER COMPANY**     *
    **DEFENDANT**               *
*********************************

### Introduction

The Plaintiff, Ernst Fernezan, brings this action against the Defendant, Plymouth Rubber Company, pursuant to Mass.Gen.L. Ch. 152, §75B(2) which prohibits an employer from discharging, refusing to hire, or in any other manner discriminating against an employee because the employee has exercised his rights under the Massachusetts Worker's Compensation Act.

### Parties

1. The Plaintiff is an adult resident of the state of Rhode Island, residing at 35 Thackray Street, Providence, Rhode Island.

2. The Defendant, Plymouth Rubber Company is a duly organized corporation with substantial business contacts in the Commonwealth of Massachusetts, doing substantial business in the Commonwealth of Massachusetts and with a principal place of business at 104 Revere Street, Canton, Massachusetts.

### Facts

3. On or about July 22, 2002 Plaintiff was involved in a work-related accident that occurred on Defendant's premises.

4. Plaintiff has not returned to work since the date of the accident.

5. As a result of the industrial accident, Plaintiff filed a workers' compensation claim.

6. Defendant was aware of the workers' compensation claim and participated in the process at the Department of Industrial Accidents.

7. On or about March 28, 2005, Defendant purportedly sent Plaintiff a letter, stating that he was terminated on March 28, 2005.

| COVER SHEET | | Superior Court Department |
|---|---|---|
| | | County: Norfolk |

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Ernst Fernezan | Plymouth Rubber Company |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE David Green<br>[Mi]lford & Bertrand, 60 Arsenal Street<br>[Wa]tertown, MA 02471 (617) 926-8800<br>[B]oard of Bar Overseers number: 642406 | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [ ] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| E11 | Workers Comp | (X) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

Documented medical expenses to date:
1. Total hospital expenses ............................................................. $..............
2. Total Doctor expenses .............................................................. $..............
3. Total chiropractic expenses ....................................................... $..............
4. Total physical therapy expenses ................................................. $..............
5. Total other expenses (describe) ................................................. $..............

Subtotal $..............

Documented lost wages and compensation to date ............................................. $47,960.50
Documented property damages to date ....................................................... $..............
Reasonably anticipated future medical and hospital expenses ............................... $..............
Reasonably anticipated lost wages .......................................................... $43,907.76
Other documented items of damages (describe) pain and suffering, emotional damages $ 28,131.74

Brief description of plaintiff's injury, including nature and extent of injury (describe)
Plaintiff was terminated by Defendnat while he was receiving workers' compensation benefits

$..............
**TOTAL $120,000.00**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $..............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____  DATE: 4-13-05

A-6 mic005-11/99
A.O.S.C. 1-2000

**County of Norfolk
The Superior Court**

CIVIL DOCKET# **NOCV2005-00732-A**

RE:   **Fernezan v Plymouth Rubber Company**

TO: David M Green, Esquire
 Alford & Bertrand
 60 Arsenal Street
 PO Box 322
 Watertown, MA 02471-0322

## TRACKING ORDER - X TRACK

You are hereby notified that this case is on the **accelerated (X) track** as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 07/24/2005 |
| Response to the complaint filed (also see MRCP 12) | 09/22/2005 |
| Firm trial date set | 10/22/2005 |
| Case disposed | 11/21/2005 |

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to session A sitting in **CtRm 10 at Norfolk Superior Court.**

Dated: 04/25/2005

Walter F. Timilty
Clerk of the Courts
BY:
Assistant Clerk

Location: CtRm 10
Telephone: (781) 326-1600

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss.                                            Superior Court

|  |  |
|---|---|
| Ernst Fernezan,<br>            Plaintiff<br><br>vs.<br><br>Plymouth Rubber Company,<br>            Defendant | Docket No.: NOCV2005-00732-A |

### NOTICE OF FILING

PLEASE TAKE NOTICE that, on this date, Defendant Plymouth Rubber Company, Inc. filed with the United States District Court for the District of Massachusetts, its Notice of Removal, a copy of which is attached to this Notice of Filing, effecting the removal of this action to federal court.

Respectfully submitted,
Plymouth Rubber Company, Inc.
By its attorneys,


_____
Debra Dyleski-Najjar, Esq., BBO No.: 366730
The Wagner Law Group, PC
One Financial Center
25th Floor
Boston, MA 02111
(617) 537-5200

Dated: May 20, 2005

### CERTIFICATE OF SERVICE

I, Debra Dyleski-Najjar, Esq., hereby certify that on the 20 day of May, 2005, I caused a copy of the foregoing to be served, via first-class mail, postage prepaid on the Plaintiff's Attorney, David Green, Esq., Alford & Bertrand, LLC, 60 Arsenal Street, P.O. Box 322, Watertown, MA 02471-0322.

_____
Debra Dyleski-Najjar, Esq.

K:\10787\MMC0581.DOC