UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO 05-11057-NMG

```
*****************************
ERNST FERNEZAN              *
      PLAINTIFF             *
                            *
VS.                         *
                            *
PLYMOUTH RUBBER COMPANY     *
      DEFENDANT             *
*****************************
```

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

Now comes the Plaintiff in the above-captioned matter and respectfully requests that this Honorable Court deny Defendant's Motion to Dismiss. In support thereof, Plaintiff states that he has stated a ground upon which relief can be granted.

**FACTS**

On or about July 22, 2002, Plaintiff was involved in a work-related accident that occurred on Defendant's premises. Plaintiff has not returned to work since the date of the accident. As a result of the industrial accident, Plaintiff filed a workers' compensation claim. Defendant was aware of the workers' compensation claim and participated in the process at the Department of Industrial Accidents.

On or about March 28, 2005, Defendant purportedly sent Plaintiff a letter, stating that he was terminated on March 28, 2005. Plaintiff's case was scheduled for a lump sum settlement on March 29, 2005, which Defendant was aware of and participated in. The lump sum was approved on March 29, 2005 at the Department of Industrial Accidents.

1

## ARGUMENT

*Case Law has Previously Enumerated the Standard for a Motion to Dismiss*

"In evaluating the sufficiency of a complaint, the Court must take the allegations of the complaint, as well as any inferences which can be drawn in the Plaintiff's favor, to be true." Eyal v. Helen Broadcasting Corporation, 411 Mass. 426, 429 (1991). See also, Schaer v. Brandeis University, 432 Mass. 474, 477-478 (2000). Massachusetts Courts have also held that a "complaint should not be dismissed simply because it asserts a new or extreme theory of liability." New England Insulation Co. v. General Dynamics, 26 Mass. App. Ct 934 (1983).

In the case at bar, Plaintiff has established a prima facie case that the Defendant discriminated against him for exercising his rights under the workers' compensation laws. Pursuant to M.G.L. c. 152, section 75B, "No employer shall discharge an employee because the employee has exercised a right under this chapter." In the case at hand, the Defendant terminated the Plaintiff as soon as the lump sum was approved. As such, the motion to dismiss must be denied.

The United States District Court for the District of Massachusetts has held that an employer's termination of an employee for exercising his rights under M.G.L. c. 152, section 75B may be unlawful. Downs v. MBTA, 13 F. Supp. 2d 130 (D. Mass., 1998). Decision to terminate Plaintiff may have been motivated in part by prior workers' compensation claims is sufficient allegation to defeat summary judgment).

Similarly, in the instant case, due to the short time period between the approval of the lump sum and his termination, a reasonable inference is that Defendant terminated Plaintiff for exercising his rights, pursuant to the workers' compensation statutes. As such, Defendant's Motion should be denied.

By Plaintiff's Attorney,

DAVID GREEN, ESQUIRE
ALFORD & BERTRAND, L.L.C.
60 Arsenal Street
Post Office Box 322
Watertown, MA 02471
(617) 926-8800

## CERTIFICATE OF SERVICE

    I, David Green, Esquire, certify that a copy of the foregoing has been served upon Defendant listed below by U.S. Mail, postage prepaid, this 10th day of June, 2005.

Debra Dyleski-Najjar, Esq.
The Wagner Law Group
One Financial Center, 25th Floor
Boston, MA 02111

                                                                              DAVID GREEN, ESQUIRE